FILED

2008 APR -4 PM 4: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY Rm DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Q. DIAZ GATES-NGUYEN,
Petitioner,
v.
J. J. FERGUSON, Warden,
Respondent.

Civil No. 08-0369 W (BLM)

**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**

Petitioner, a prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

According to his trust account statement, Petitioner has $0.79 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having

custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

In his Petition, Petitioner indicates he is being housed a George Bailey Detention Facility, which suggests he is in the custody of the San Diego County Sheriff. Petitioner incorrectly named "J. J. Ferguson" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden *currently* in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE COGNIZABLE CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, the claims raised in the Petition are somewhat incomprehensible. Petitioner claims, among other things, that he has a look-alike brother (also named as a Petitioner in this case), that he was extradited by a team of California Department of Corrections and Rehabilitation personnel, and that the civil rights of Multiple Birth Raised Apart ("MBRA") persons have been violated, resulting in "delay of Top Secret Research." (*See* Pet. at 3-4.) While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). In this case, it is impossible to decipher what grounds for relief Petitioner is raising or the facts supporting any purported claim. Accordingly, the Petition must be dismissed for failure to state a cognizable claim.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek review in the California Supreme Court. (*See* Pet. at 8.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of

limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

**PROPER CAUSE OF ACTION**

Finally, it is unclear from the petition whether Petitioner is pursuing a remedy pursuant to the appropriate habeas corpus statute. Petitioner states that he is being held at George Bailey County Detention Facility, which suggests he is a pre-trial detainee. (*See* Pet. at 2.) Moreover, at least as to one of the criminal cases Petitioner lists, he states criminal proceedings are still "in progress." (Pet. at 2.) Thus, it is unclear from his Petition whether or not been he has been convicted in state court. (*See* Pet. at 1.) Although Petitioner has filed his Petition under 28 U.S.C. §2254, it appears he may be a pretrial detainee and not being held "pursuant to a judgment of a state court." 28 U.S.C. § 2254. Assuming Petitioner is a pre-trial detainee, the proper cause of action for relief falls under 28 U.S.C. § 2241. *McNeely v. Blanas*, 336 F.3d 822 (9th Cir 2003) (construing petition filed under §2254 by a pretrial detainee who had been found incompetent to stand trial, as a petition under § 2241); *see also Braden v. Judicial Circuit Court*, 401 U.S. 484, 503 (1973) (Rehnquist, J., dissenting) ("Section 2254 pertains only to a prisoner in custody pursuant to a judgment of conviction of a state court. . . . The issue here is whether habeas corpus is warranted under §2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding.)

/ / /

## CONCLUSION

Based on the foregoing, Petitioner's request to proceed in forma pauperis is **GRANTED**. However, the Petition is **DISMISSED** for failure to name a proper Respondent, failure to state a cognizable claim, and failure to allege exhaustion. Moreover, it is not clear that 28 U.S.C. § 2254 is the proper statute under which to pursue relief. If, as it appears, Petitioner has not been convicted in a state criminal proceeding, but rather is awaiting resolution of this criminal case and thus being held as a pre-trial detainee, the proper action is a petition for habaeas corpus under 28 U.S.C. § 2241.

Therefore, if Petitioner wishes to pursue his case under § 2254, he must, **no later than May 5, 2008**, file a First Amended petition addressing the pleading deficiencies discussed above. On the other hand, if Petitioner is, in fact, a pre-trial detainee, he must file a new petition with this Court under 28 U.S.C. § 2241. *For Petitioner's convenience, the Clerk of Court shall attach to this order, a blank First Amended Petition pursuant to 28 U.S.C. § 2254, a blank form Petition pursuant to 28 U.S.C. § 2241.*

**IT IS SO ORDERED.**

DATED: 4/3/08

Thomas J. Whelan
United States District Judge